IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30891
Conference Calendar
_____

TELLY GUILLORY,

                                        Plaintiff-Appellant,

versus

BRENT C. COREIL,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:00-CV-1096
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Telly Guillory, Louisiana prisoner #320441, appeals from the
dismissal of his civil-rights action as frivolous.  Guillory
contends that Evangeline Parish, Louisiana, District Attorney
Brent Coreil was not entitled to absolute immunity because he was
not carrying Guillory's case through the judicial process when he
declined to turn over his case files to Guillory after Guillory's
prosecution had been completed.  Guillory alleges that he no
longer is serving time on his sentence for the offense reflected
in the files and that the prosecution was over when he requested

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the files.  He alleges, for the first time on appeal, that the files contained an allegedly inculpatory statement that he somehow could have used to show that he was wrongly imprisoned. He argues that Coreil deprived him of access to the courts by failing to turn over the files to him; that destruction of the files somehow constituted fraud; and that Coreil retaliated against him by destroying the files after he requested them.

To the extent that Guillory sought injunctive relief, Coreil was not absolutely immune from suit.  *Chrissy F. By Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 850 (5th Cir. 1991).  If, however, the requested documents have been destroyed, the request for injunctive relief is moot.  We need not determine whether Coreil was absolutely immune from suit for damages; Guillory has failed to show the violation of a clearly established constitutional right.  *See Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir.), *cert. denied*, 525 U.S. 872 (1998).

Guillory has failed to brief any fraud argument for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  We do not address Guillory's state-law fraud claim.

Guillory did not allege that Coreil deprived him of the ability to prepare and transmit a necessary legal document to a court.  His access-to-the-courts claim therefore was without merit.  *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Guillory did not contend in the district court that Coreil failed to turn over evidence that could have proved his innocence.  We will not review a claim raised for the first time

on appeal.  *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 982 (2000).

Guillory has failed to demonstrate that he invoked any specific constitutional right in conjunction with his record request to Coreil.  His retaliation contention therefore is without merit.  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)(citation omitted).

Guillory's appeal is without arguable merit and is frivolous.  *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  We previously affirmed the dismissal of a civil action brought by Guillory as frivolous and for failure to state a claim.  *Guillory v. Cain*, No. 99-30871 (5th Cir. Apr. 28, 2000)(unpublished; copy at green tab).  The district court's dismissal of the current case and this court's dismissal of Guillory's appeal count as two strikes against Guillory.  *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Because Guillory has had two actions and one appeal dismissed as frivolous, he may not pursue any civil actions or appeals in forma pauperis (IFP) unless he is "under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED.  5TH CIR. R. 42.2.